## Rothrock *v.* Nagle, Appellant.

*Mortgages—Scire facias sur mortgage—Agreements as to proceedings on mortgage—Trials—Comments on testimony by trial judge.*

Where in an action of scire facias sur mortgage, the defense was that plaintiff had instituted the proceedings in violation of an agreement by which he was bound not to do so, and the only complaint of the defendant on appeal from the judgment entered on the verdict in favor of plaintiff was that the trial judge commented unfairly on the evidence, but the portions of the charge assigned as error left the jury free to decide the case, the judgment was affirmed.

Argued March 7, 1916. Appeal, No. 440, Jan. T., 1915, by defendants, from judgment of C. P. Northampton Co., Nov. T., 1913, No. 34, on verdict for plaintiff, in case of William H. Rothrock v. Robert J. Nagle, Mortgagor, and The Bangor Choice Slate Company, Real Owner of the Land Charged. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Scire facias sur mortgage.    Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,632.35 and judgment thereon.   Defendant appealed.

*Errors assigned,* among others, were instructions to the jury.

*George W. Geiser, Jr.,* with him *George W. Geiser,* for appellant.

*John D. Hoffman,* with him *Everett Kent,* for appellee.

PER CURIAM, April 17, 1916:

The defense in this case on the trial in the court below was that plaintiff had instituted proceedings on his mortgage in violation of an agreement by which he was bound not to do so.   The issue was one of pure fact, and the only complaint of the defendants on their appeal from the judgment entered on the verdict returned against them is that the trial judge commented upon the testimony unfairly and to their prejudice.   The two portions of the charge assigned as error left the jury free to decide the case on the evidence, and no reversible error was committed by the trial judge in his comment on it: Lappe v. Gfeller, 211 Pa. 462.

Judgment affirmed.